UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JEFFREY EDELMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GEORGE BICKERSTAFF, et al.,<br><br>    Defendants. | Case No. 25-cv-02036-TLT (RMI)<br><br>**ORDER ON MOTION TO LIFT STAY**<br><br>Re: Dkt. Nos. 27, 28 |

    Before the court is Plaintiffs' motion (dkt. 27) to lift the stay of discovery in this matter. Defendants have responded in opposition (dkt. 28). The court heard oral argument on this issue on June 10, 2025. Having considered the briefing and arguments, the court will DENY Plaintiffs' motion to lift the stay for the reasons stated below.

    Discovery in this matter is presently stayed under the Private Securities Litigation Reform Act (PSLRA). Plaintiffs have moved to lift the stay for the limited purpose of obtaining the documents Defendants produced in a related case. Plaintiffs say that without these documents, they are at an "informational disadvantage" which impacts their ability to make settlement and litigation decisions. They also claim that because the documents in question have already been compiled, Defendants will not be prejudiced by having to produce them again.

    The PSLRA provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, until the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, Plaintiffs must satisfy a two-part test: the discovery they seek must be (1) particularized and (2)

necessary either to preserve evidence or prevent undue prejudice. *Eisner v. Meta Platforms*, 2024 WL 2749433, at *4 (N.D. Ca. May 28, 2024). The court concludes that Plaintiffs' request fails both prongs of this test.

First, "[t]o satisfy the requirement of 'particularized' discovery, Plaintiff must 'adequately specify the target of the requested discovery and the types of information needed to relieve that burden.'" *Eisner*, 2024 WL 2749433, at *5 (quoting *In re Asyst Techs., Inc., Derivative Litig.*, 2008 WL 916883, at *1 (N.D. Cal. Apr. 3, 2008)). At least two federal courts in this state have held that a request for all materials produced in related actions is insufficiently particular as to the target and type of information requested. *See In re Meta Platforms, Inc., Secs. Litig.*, 2024 WL 923770, at *1 (N.D. Cal. Mar. 4, 2024) ("The Court is not convinced that Plaintiffs' discovery request is particularized as Plaintiffs' broad request for all materials disclosed in three sets of cases fails to identify the volume of discovery requested or the subject matter of those documents."); *In re Am. Funds Secs. Litig.*, 493 F.Supp.2d 1103, 1107 (C.D. Cal. 2007) (request for all documents produced to the government by a defendant improperly failed to assert specific relevance of those documents to the plaintiff's case). In the present case, Plaintiffs are requesting a large volume of documents—800,000 of them, to be precise. This far-ranging request is not "targeted" in terms of covering any specific subject matter or alleviating any specific burden. Accordingly, Plaintiffs' request is insufficiently particular to warrant lifting the stay.

Further, Plaintiffs have not shown that the proposed discovery is necessary to prevent undue prejudice.[1] While Plaintiffs contend that they are at an informational disadvantage because other interested parties have the documents Plaintiffs seek, courts in this District have held that an informational disadvantage alone is not "undue prejudice" for PSLRA purposes. *See In re Facebook, Inc., Derivative Privacy Litig.*, 411 F.Supp.3d 649, 653 (N.D. Cal. 2019) ("[A]n 'informational disadvantage,' without more, does not justify lifting a PSLRA discovery stay.") (collecting cases); *In re Asyst*, 2008 WL 916883, at *2 ("Plaintiffs' argument that they need to be on an equal footing with other investigative agencies by obtaining documents already produced to

---

[1] Plaintiffs do not argue that the discovery is needed to preserve evidence.

those other agencies, without more, does not justify lifting the discovery stay."). While Plaintiffs cite numerous cases reaching different conclusions, all but one are from outside the Ninth Circuit. The one matter they cite from within this Circuit, a Central District of California case, is materially distinguishable: the stay in that matter had already been lifted by the time the discovery was sought. *See In re New Century*, 2009 WL 9568860, at *4 (C.D. Cal. July 8, 2009). This court will follow the consensus in this district and hold that an informational disadvantage standing alone does not constitute unfair prejudice which would justify lifting a PSLRA stay.

Accordingly, Plaintiffs' motion to lift the stay in this matter is DENIED. However, as discussed at the hearing, the court encourages the parties to meet and confer about the possibility of a more targeted discovery exchange in aid of the parties' settlement efforts.

**IT IS SO ORDERED.**

Dated: June 12, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge