**WILLKIE FARR & GALLAGHER LLP**
Laura Leigh Geist (CSB No. 180826)
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  (415) 848-7400
lgeist@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Charles Cording (admitted *pro hac vice*)
Brady Sullivan (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY  10019-6099
Telephone:  (212) 728-8000
ccording@willkie.com
bsullivan@willkie.com

 *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY EDELMAN, JAYSEN STEVENSON, and CHRISTIAN JACOBSEN, Derivatively on Behalf of CareDx, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE BICKERSTAFF, FRED COHEN, CHRISTINE COURNOYER, GRACE E. COLÓN, ANKUR DHINGRA, MICHAEL D. GOLDBERG, WILLIAM HAGSTROM, PETER MAAG, REGINALD SEETO, RALPH SNYDERMAN, ARTHUR A. TORRES, and HANNAH VALANTINE, <br><br> Individual Defendants, <br><br> -and- <br><br> CAREDX, INC., <br><br> Nominal Defendant. | Case No.  3:25-cv-02036-TLT (Shareholder Derivative Action) <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Plaintiffs Jeffrey Edelman, Jaysen Stevenson, and Christian Jacobsen (collectively, "Plaintiffs"), Individual Defendants George Bickerstaff, Fred Cohen, Christine Cournoyer, Grace E. Colón, Ankur Dhingra, Michael D. Goldberg, William Hagstrom, Peter Maag, Reginald Seeto, Ralph Snyderman, Arthur A. Torres, and Hannah Valantine ("Individual Defendants"), and Nominal Defendant, CareDx, Inc. ("CareDx" or the "Company") (collectively, "Defendants," and together with Plaintiffs, the "Parties") submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

On May 9, 2025, the Parties submitted a Joint Status Report Regarding Mediation, notifying the Court that the Parties engaged in a mediation before the Hon. Gary Feess (Ret.) of Phillips ADR Enterprises on April 1, 2025.  ECF 30.  Following the mediation, the Parties continued to engage in settlement discussions.

On July 22, 2025, the Parties reached an agreement in principle as to the terms of a proposed settlement (the "Proposed Settlement").  ECF 47 at 1.

If approved by the Court, the Proposed Settlement will fully resolve all claims and defenses asserted by the Parties in this action as well as in the related action *Edward W. Burns IRA v. Goldberg, et al.*, Case No. 2024-0282-NAC (Del. Ch.) (the "Burns Action").

On July 31, 2025, the Parties submitted a Joint Status Report Regarding Settlement Progress, notifying the Court that the Parties have selected Jed D. Melnick, Esq., a nationally regarded JAMS mediator, to mediate the attorney's fee negotiation, and that a mediation session has been scheduled for September 9, 2025.  ECF 49 at 1.

On August 14, 2025, the Parties, along with the plaintiff in the Burns Action, conducted a pre-mediation call with JAMS.

The Parties have since agreed to exchange mediation statements on August 28, 2025 and, as reported, intend to promptly update the Court regarding the outcome of the mediation following their September 9, 2025 mediation session.

In advance of the upcoming Further Case Management Conference scheduled for August 28, 2025, the Parties submit this Joint Case Management Statement to provide the Court with an update on the current status of this action pursuant to Civil Local Rule No. 16-10(d).

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
No. 3:25-cv-02036-TLT (Shareholder Derivative Action)

## I.   JURISDICTION AND SERVICE

Plaintiffs collectively assert that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, § 14(a) of the Exchange Act, Rule 14a-9 promulgated thereunder, and § 20(a) of the Exchange Act. Defendants do not contest Plaintiffs' asserted statutory sources of subject-matter jurisdiction. There are no issues pending at this time regarding personal jurisdiction or venue, and no parties remain to be served.

## II.   FACTS

Plaintiffs are all stockholders of Nominal Defendant, CareDx, and file this action on behalf of the Company against the Individual Defendants.

CareDx is a Delaware corporation with its principal place of business in Brisbane, California. The Company develops and sells diagnostic tests and other products and services for transplant patients, including AlloSure, a blood test developed and sold by CareDx that detects signs of kidney transplant rejection.

In March 2020, as the COVID-19 pandemic progressed, CareDx introduced RemoTraC, a program wherein a mobile phlebotomist would perform blood draws at a patient's home. Plaintiffs collectively allege that the Individual Defendants breached their fiduciary duties by permitting or making materially false and misleading statements relating to the way that CareDx marketed AlloSure and the RemoTraC program to medical professionals and to the bills the Company presented for payment to Medicare. Plaintiffs claim that in connection with these alleged misstatements and the alleged underlying misconduct, the Individual Defendants breached their fiduciary duties to CareDx, among other alleged misconduct.

Defendants dispute all of Plaintiffs' allegations and deny that any of the allegations give rise to any claim against the Defendants.

## III.   LEGAL ISSUES

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
No. 3:25-cv-02036-TLT (Shareholder Derivative Action)

## IV.   MOTIONS

On July 22, 2025, the Parties filed a joint administrative motion requesting, among other things, that the Court enter an order vacating the July 22, 2025 deadline for Defendants to answer the complaint.  ECF 47, at 1.  On July 23, 2025, the Court entered an order granting in part the Parties' request.  Pursuant to that order, Defendants' response to the complaint is now due by September 26, 2025.  ECF No. 48.

## V.   AMENDMENT OF PLEADINGS

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## VI.   EVIDENCE PRESERVATION

The Parties certify their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  Plaintiffs and Defendants have undertaken steps to preserve evidence relevant to the issues reasonably evident in the action.

## VII.   DISCLOSURES

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## VIII.   DISCOVERY

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## IX.   CLASS ACTIONS

The above-captioned case is not a class action.

## X.   RELATED CASES

On May 16, 2025, the parties in a related securities class action, *Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc. et al.,* Case No. 2022-cv-03023-TLT (N.D. Cal. May 23, 2022) (the "Securities Action"), notified the court that they had signed and executed a definitive and binding stipulation of settlement.  Securities Action, ECF No. 175.  On May 23, 2025, plaintiffs in that action filed a motion for preliminary approval.  Securities Action, ECF No. 177.  On July 23, 2025, the court issued an order preliminarily approving the settlement.  Securities Action, ECF No.

185. Among other deadlines, the court's order provides that the parties' motion for final approval is due by September 30, 2025. *Id.* at 13.

There is a related derivative action pending before the Delaware Court of Chancery, the Burns Action, which is currently stayed.

## XI.    RELIEF

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## XII.    SETTLEMENT AND ADR

The Parties engaged an experienced neutral, third-party mediator, the Hon. Gary A. Feess (Ret.) of Phillips ADR Enterprises, to aid in settlement negotiations. The Parties participated in an in-person mediation session on April 1, 2025, and exchanged mediation briefs ahead of the mediation session, setting forth their respective arguments concerning liability and damages and respective views of the merits of the Action. Though the Parties' initial mediation session was unsuccessful in resolving the case, the Parties continued to have telephonic and email exchanges regarding a potential resolution.

On July 22, 2025, the Parties reached an agreement in principle as to the terms of the Proposed Settlement and, as discussed in the foregoing, have retained a nationally recognized JAMS mediator, Jed D. Melnick, to mediate the attorney's fee negotiation. That mediation session is scheduled for September 9, 2025.

## XIII.    OTHER REFERENCES

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## XIV.    NARROWING OF ISSUES

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## XV.    EXPEDITED TRIAL PROCEDURE

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
No. 3:25-cv-02036-TLT (Shareholder Derivative Action)

## XVI.  SCHEDULING

Pursuant to the Court's July 22, 2025 order, Defendants' response to Plaintiffs' complaint is due on September 26, 2025.  ECF No. 48.  All other deadlines associated with the Court's Case Management and Scheduling order, dated April 11, 2025 (ECF No. 26), will remain in effect until the Parties submit a proposed settlement.  ECF No 48.  The Parties intend to propose a revised set of deadlines in their forthcoming motion for preliminary approval of settlement.

## XVII.  TRIAL

The Parties respectfully submit that this item is not applicable on account of the pending settlement.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties are not aware of any non-party interested entities or persons.

The Parties have all filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.  See ECF Nos. 3, 50.

## XIX.  PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: August 21, 2025

**THE ROSEN LAW FIRM, P.A.**

*/s/ Erica L. Stone*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Erica L. Stone (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York,  NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: estone@rosenlegal.com

*Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Correy A. Suk
Gregory M. Nespole
Daniel Tepper (*pro hac vice*)
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: csuk@zlk.com
gnespole@zlk.com
dtepper@zlk.com

Adam M. Apton (SBN 316506)
1160 Battery Street East
Suite 100 - #3425
San Francisco, CA 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Counsel for Plaintiffs*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Email: fortunato@bespc.com
Marion C. Passmore
Email: passmore@bespc.com

**WILLKIE FARR & GALLAGHER, LLP**

*/s/ Charles D. Cording*
Laura Leigh Geist (CSB No. 180826)
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 848-7400
E-mail:    lgeist@willkie.com

Charles D. Cording (*pro hac vice*)
Brady Sullivan (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8000
E-mail:   ccording@willkie.com
            bsullivan@willkie.com

*Counsel for Defendants George Bickerstaff, Fred Cohen, Grace E. Colón, Christine Cournoyer, Ankur Dhingra, Michael D. Goldberg, William Hagstrom, Peter Maag, Reginald Seeto, Ralph Snyderman, Arthur Torres, and Hannah Valantine and for Nominal Defendant CareDx, Inc.*

6

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
No. 3:25-cv-02036-TLT (Shareholder Derivative Action)

580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506

*Counsel for Plaintiffs*

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
No. 3:25-cv-02036-TLT (Shareholder Derivative Action)

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

IT IS SO ORDERED.


DATED: _____                    _____
                                                   THE HONORABLE TRINA L. THOMPSON
                                                   UNITED STATES DISTRICT JUDGE

                                *       *       *

**Attestation Pursuant to Local Rule 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.


Dated: August 21, 2025                             */s/ Charles D. Cording*
                                                   Charles D. Cording